Filing # 100387389 E-Filed 12/16/2019 04:16:13 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO: CACE-19-001557 (09)

MICHAEL WANHALA,

       Plaintiff,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation and
FAYOLA MOISE, individually

       Defendants.

_____/

## AMENDED
## COMPLAINT FOR MONEY DAMAGES

Plaintiff, MICHAEL WANHALA, by and through undersigned counsel, sues the Defendants, TARGET

CORPORATION, a Foreign Profit Corporation, and MICHELLE BIESCHKE, individually and as STORE TEAM

LEADER, and alleges as follows:

## GENERAL ALLEGATIONS

1.     This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars and this Court

has jurisdiction under Article V, § 5(b) Florida Constitution and Section 26.012 Florida Statutes (1987).

2.     At all times material hereto, the Plaintiff, MICHAEL WANHALA,, was and is a resident of

Broward County, Florida.

3.     At all times material hereto, the Defendant, TARGET CORPORATION, (hereinafter referred

to as "TARGET"), was and is a foreign corporation authorized to and doing business in the State of Florida.

4.     At all times material hereto, the Defendant, MICHELLE BIESCHKE, "Store Team Leader"

(hereinafter referred to as "BIESCHKE"), was a resident of Broward County.

5.     At all times material hereto, the Defendant, TARGET CORPORATION and BIESCHKE,

owned, operated, managed and/or maintained a public business and related functions.

CASE NO: CACE-19-001557 (09)

6.     At all times material hereto, the Defendants, TARGET CORPORATION and BIESCHKE, owed a duty to the Plaintiff, and other members of the general public similarly situated to keep its property and premises in a reasonably safe condition and to protect the Plaintiff from dangers which the business or its employees were or should have been aware of.

7.     At all times material hereto, BIESCHKE, was actively and independently negligent in that she had or should have had notice and knowledge of dangerous conditions on the property and failed to take action to warn or otherwise correct said dangerous conditions.

8.     On or about January 12, 2017, the Plaintiff was lawfully at the Defendant's place of business located at 3599 West Hillsboro Blvd., Deerfield Beach, FL 33442, when he slipped and fell on clear slippery substance.

9.     As a result of the above described accident, the Plaintiff suffered serious and severe injuries.

## COUNT I
## NEGLIGENCE OF DEFENDANT, TARGET CORPORATION

Plaintiff realleges and reavers Paragraphs 1 through 9 as if fully set forth herein and would further state:

10.     At all times material hereto, Defendants, TARGET, owed a duty to its invitees, including the Plaintiff, WANHALA, to maintain its aforementioned premises in a reasonably safe condition so as to be free of any unreasonable risks of harm.

11.     At all times material hereto, the Defendant, TARGET, owed an additional duty to warn the patrons, including the Plaintiff, WANHALA, of any dangerous conditions that the Defendant knew or with the exercise of reasonable care should have known was on the premises.

12.     At all times material hereto, the Defendant, TARGET, by and through its agents, employees and/or representatives, was careless and negligent and breached said duty as follows:

        a.     By carelessly and negligently causing, allowing and/or permitting dangerous conditions to exist on their premises;

b.      By failing to properly and/or adequately inspect the premises to remove hazards and other dangerous conditions thereon;

c.      By causing or allowing a dangerous condition to exist on the premises when the Defendant and/or its agents and/or employees knew or should have known of the dangerous condition on its premises, and /or when such dangerous condition was foreseeable.

d.      Failing to regularly inspect the premises, including the area where this incident occurred, for any dangerous conditions on the property.

e      Failing to adopt and implement proper safety procedures for inspecting and maintaining the premises, including the area where the Plaintiff, WANHALA, incident occurred.

f.      Failing to maintain its premises in a reasonably safe condition, including but not limited to failing to maintain, remedy, repair or clean the dangerous condition on the premises where this incident occurred.

g.      Failing to warn the Plaintiff, WANHALA, and other such similarly situated invitees and members of the general public, of the existence of a dangerous condition on their premises.

h.      Failing to inhibit access to the area of the dangerous condition so as to prevent the Plaintiff, WANHALA, and other such similarly situated members of the general public, from attempting to navigate the walkway where this incident occurred

i.      allowing other people in the store to walk around while drinking fluids, while knowing, or while they should have known, that those fluids would be spilled on the floor of a common area in the store;

j.      allowing people to purchase and consume drinks in the store, while knowing, or while they should have known, that those drinks would be spilled on the floor of a common area in the store;

CASE NO: CACE-19-001557 (09)

k.  allowing wet and slippery floors to exist in the common areas where invitees were known to be walking;

l.  failing to correct the unreasonably dangerous condition of the wet and slippery floor in the common area;

m.  failing to reasonably hire, train, retain and/or supervise employees and/or agents of the Defendant, TARGET CORPORATION, so that those employees and/or agents would not create and/or allow unreasonable dangerous conditions t exist in the common areas;

n.  failing to reasonably hire, train, retain and/or supervise employees and/or agents of the Defendant, TARGET CORPORATION, so that those employees and/or agents would not walk the Plaintiff through a wet and slippery substance on the floor of a common area in the store; and

o.  failing to reasonably hire, train, retain and/or supervise employees and/or agents of the Defendant, TARGET CORPORATION, so that those employees and/or agents would not fail to warn about unreasonably dangerous conditions that exist in the common areas

13.  The aforementioned dangerous conditions were caused by the Defendant Target's employee, or existed for a sufficient length of time so that the Defendant, TARGET, and/or its agents, employees and/or representatives knew or should have been aware of its existence.

14.  As a direct and proximate result of the negligence of the Defendant, TARGET, the Plaintiff, WANHALA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, loss of income and earning capacity, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The injuries and losses are either permanent or continuing in nature and the Plaintiff, WANHALA, will suffer such injuries, losses and impairments in the future.

CASE NO: CACE-19-001557 (09)

15.     In that the injuries suffered by Plaintiff, WANHALA, are continuing in nature, he has and will continue to suffer from a loss of income and a loss of future earning capacity, pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

## COUNT II
## NEGLIGENCE OF DEFENDANT,
## MICHELLE BIESCHKE, as individually
## and as STORE TEAM LEADER

16.     MICHAEL WANHALA, re-adopts and re-alleges the allegations set forth in paragraphs 1-9 as if fully set forth herein.

17.     The Defendant, MICHELLE BIESCHKE, was employed by TARGET CORPORATION, as the "STORE TEAM LEADER", for the subject store where the January 12, 2017 fall and injury took place.

18.     The Defendant, MICHELLE BIESCHKE, was responsible for and owed a duty to her invitees, including the Plaintiff, WANHALA, to operate, maintain and run the subject store and conduct business at the subject store in a reasonably safe manner.

19.     The Defendant, MICHELLE BIESCHKE, was also responsible for making sure all employees and/or agents of the Defendant, TARGET CORPORATION, working at the subject store operated and maintained the subject store and conducted business in the subject store in a reasonably safe manner.

20.     The Defendant, MICHELLE BIESCHKE, also owed the Plaintiff, WANHALA, the following duties:

    a.     maintain the premises in a reasonably safe condition;

    b.     conduct a reasonable inspection of the premises

    c.     warn invitees, including the Plaintiff, of any dangers of which the Defendant knew of or of which the Defendant should have known;

    d.     correct any unreasonably dangerous conditions on the premises

CASE NO: CACE-19-001557 (09)

    e.      reasonably hire, train, retain and/or supervise the employees and/or agents of the Defendant, TARGET CORPORATION; and

21.    At all times material hereto, the Defendant, MICHELLE BIESCHKE, by and through its agents, employees and/or representatives, was careless and negligent and breached said duty as follows:

    a.      By carelessly and negligently causing, allowing and/or permitting dangerous conditions to exist on their premises;

    b.      By failing to properly and/or adequately inspect the premises to remove hazards and other dangerous conditions thereon;

    c.      By causing or allowing a dangerous condition to exist on the premises when the Defendant and/or its agents and/or employees knew or should have known of the dangerous condition on its premises, and /or when such dangerous condition was foreseeable.

    d.      Failing to regularly inspect the premises, including the area where this incident occurred, for any dangerous conditions on the property.

    e      Failing to adopt and implement proper safety procedures for inspecting and maintaining the premises, including the area where the Plaintiff, WANHALA, incident occurred.

    f.      Failing to maintain its premises in a reasonably safe condition, including but not limited to failing to maintain, remedy, repair or clean the dangerous condition on the premises where this incident occurred.

    g.      Failing to warn, the Plaintiff, WANHALA, and other such similarly situated invitees and members of the general public, of the existence of a dangerous condition on their premises.

    h.      Failing to inhibit access to the area of the dangerous condition so as to prevent the Plaintiff, WANHALA, and other such similarly situated members of the general public, from attempting to navigate the walkway where this incident occurred

CASE NO: CACE-19-001557 (09)

    i.       allowing other people in the store to walk around while drinking fluids, while knowing, or while she should have known, that those fluids would be spilled on the floor of a common area in the store;

    j.       allowing people to purchase and consume drinks in the store, while knowing, or while she should have known, that those drinks would be spilled on the floor of a common area in the store;

    k.       allowing wet and slippery floors to exist in the common areas where invitees were known to be walking;

    l.       failing to correct the unreasonably dangerous condition of the wet and slippery floor in the common area;

    m.       failing to reasonably hire, train, retain and/or supervise employees and/or agents of the Defendant, MICHELLE BIESCHKE, so that those employees and/or agents would not create and/or allow unreasonable dangerous conditions t exist in the common areas;

    n.       failing to reasonably hire, train, retain and/or supervise employees and/or agents of the Defendant, MICHELLE BIESCHKE, so that those employees and/or agents would not walk the Plaintiff through a wet and slippery substance on the floor of a common area in the store; and

    o.       failing to reasonably hire, train, retain and/or supervise employees and/or agents of the Defendant, MICHELLE BIESCHKE, so that those employees and/or agents would not fail to warn about unreasonably dangerous conditions that exist in the common areas

22.      The Defendant, BIESCHKE, knew or, the in exercise of reasonable care, should have known, that her breaches of the one or more of her duties would cause injuries to invitees, including the Plaintiff, WANHALA.

23.     As a direct and proximate result of the negligence of the Defendant, BIESCHKE, the Plaintiff,

WANHALA, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

loss of capacity to enjoy life, loss of income and earning capacity, expense of hospitalization, medical and nursing

care and treatment, and aggravation of a previously existing condition. The injuries and losses are either permanent

or continuing in nature and the Plaintiff, WANHALA, will suffer such injuries, losses and impairments in the

future.

WHEREFORE, Plaintiff, MICHAEL WANHALA, demands judgment for compensatory damages against

the Defendant, TARGET CORPORATION and MICHELLE BIESCHKE, individually and as "STORE TEAM

LEADER", together with costs and demands trial by jury of all issues triable as of right by a jury.

DANIEL R. MAIER, P.A.
Attorneys for Plaintiff
915 Middle River Drive
Sixth Floor
Fort Lauderdale, FL 33304
(954) 566-3330
Email: litigationmail@maierlegal.com

By:     _____

DANIEL R. MAIER, ESQ.
Florida Bar #623776